KATHERINE R. COHAN, ESQ. (SBN: 269337)
9454 Wilshire Boulevard, Suite Penthouse
Beverly Hills, California 90212
Telephone: (310) 777-8838
Facsimile:  (310) 777-7531
Attorney for Plaintiffs,
ASHLEIGH SOLA, et al.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEIGH SOLA, an individual; THOMAS RAMIREZ, an individual; GERARDO LOPEZ JR., an individual; SOPHIA LOPEZ, an individual; ISABELLA BARCENAS, an individual; KELVIN GRANT, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH, a California municipal corporation; LONG BEACH POLICE DEPARTMENT INCLUDING ALL INVOLVED SERGEANT/OFFICER OF ARMS DOES 1-50; LONG BEACH POLICE DEPARTMENT OFFICERS:  Mike Parcells; Jose M. Rios; Robert J. Cruz, III; Lance I. Darren; Alberto Beltran Leon, Jr.; Ernesto Perez; Kalid Abuhadwan; Juan Manuel Ortiz-Ferrer, Jr.; Humberto Reyes-Suarez; David J. Corcoran; DOES 1-100; CITY OF LONG BEACH, a California municipal corporation; INCLUDING ALL INVOLVED CITY OF LONG BEACH EMPLOYEES, DOES 1-100; AND DOES 1-100,<br><br>Defendants. | Case No.:<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. **EXCESSIVE USE OF FORCE**<br>2. **ASSAULT AND BATTERY**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>4. **BANE ACT VIOLATIONS**<br><br>`Case number 2-16-cv-09157-PJW`<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs,  Ashleigh Sola, an individual; Thomas Ramirez, an individual; Gerardo Lopez Jr.,

an individual; Sophia Lopez, an individual; Isabella Barcenas, an individual; Kelvin Grant, an

individual, by and through their attorney of record herein, bring this First Amended Complaint against the above-named Defendants, and in support thereof allege the following:

## I.

## INTRODUCTION

1.      This case arises out of the unlawful detention, assault, and violation of civil rights of unarmed Plaintiffs Ashleigh Sola, an individual; Thomas Ramirez, an individual; Gerardo Lopez Jr., an individual; Sophia Lopez, an individual; Isabella Barcenas, an individual; and an unlawful detention and violation of civil rights of Plaintiffs, Kelvin Grant and at the hands of Defendant's armed Police Officers during the afternoon hours of April 19, 2015, between 1:30 a.m. and 2:00 a.m. at the 200 Block of Pine Avenue in Long Beach, California 90802.

## II.

## VENUE AND JURISDICTION

2.      Venue is proper in that the underlying acts are injuries upon which the present action is based occurred in the County of Los Angeles Central District. The actions complained of herein implicate 42 U.S.C 1983, et seq.

## III.

## PARTIES

3.      Plaintiff, Ashleigh Sola, (hereinafter "Ashleigh Sola") is and at all relevant times a resident of Los Angeles County.

4.      Plaintiff, Thomas Ramirez, (hereinafter "Thomas Ramirez") is and at all relevant times a resident of Los Angeles County.

///

5.      Plaintiff, Gerardo Lopez Jr. (hereinafter "Gerardo Lopez Jr.") is and at all relevant times a resident of Los Angeles County.

**FIRST AMENDED COMPLAINT**

1
2

**6.**     Plaintiff, Sophia Lopez (hereinafter "Sophia Lopez") is and at all relevant times a resident of Los Angeles County.

3
4

**7.**     Plaintiff, Isabella Barcenas (hereinafter "Isabella Barcenas") is and at all relevant times a resident of Los Angeles County.

5
6

**8.**     Plaintiff, Kelvin Grant (hereinafter "Kelvin Grant") is and at all relevant times a resident of Los Angeles County.

7
8
9

**9.**     Defendant, City of Long Beach, (hereinafter "City of Long Beach") is a California municipal corporation in the County of Los Angeles.

10
11
12

**10.**     Defendant, Long Beach Police Department, (hereinafter "LBPD") A California municipal corporation, is a governmental public entity in the County of Los Angeles, State of California; AND DOES 1-100 Inclusive, and under the color of the statutes and regulations of the State of California.

13
14
15
16
17

11. At all relevant times herein mentioned, Officer David J. Corcoran, was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

18
19
20
21

12. At all relevant times herein mentioned, Officer Humberto Reyes-Suarez, was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

22
23
24
25
26

13. At all relevant times herein mentioned, Officer Juan Manuel Ortiz-Ferrer, Jr. was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

27
28

**FIRST AMENDED COMPLAINT**

14.     At all relevant times herein mentioned, Officer Kalid Abuhadwan was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

15.     At all relevant times herein mentioned, Officer Ernesto Perez was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

16.     At all relevant times herein mentioned, Officer Alberto Beltran Leon, Jr. was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

17.     At all relevant times herein mentioned, Officer Lance I. Darren was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

18.     At all relevant times herein mentioned, Officer Robert J. Cruz, III was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

19.     At all relevant times herein mentioned, Officer Jose M. Rios was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

4
**FIRST AMENDED COMPLAINT**

20.     At all relevant times herein mentioned, Officer Mike Parcells was a police officer working for the Long Beach Police Department, and was working as such on the night of the events herein alleged.  Plaintiffs are informed and believe that this officer was responsible for the violations against plaintiffs as herein alleged.

11.     Said Defendants, and each of them, have a responsibility to act appropriately within their capacity as employees, agents, representatives and servants of Defendant, City of Long Beach, a California municipal corporation in the County of Los Angeles, LONG BEACH POLICE DEPARTMENT INCLUDING ALL INVOLVED SERGEANT/OFFICER OF ARMS DOES 1-50; ALL INVOLVED LONG BEACH POLICE DEPARTMENT OFFICERS DOES 1-100;  CITY OF LONG BEACH, a California municipal corporation in the County of Los Angeles; INCLUDING ALL INVOLVED LONG BEACH POLICE DEPARTMENT EMPLOYEES 100; AND DOES 1-100 Inclusive, as duly sworn peace officers, were specifically authorized by Defendant CITY OF LONG BEACH and its police department to perform the responsibilities and duties of sworn officers of the City of Long Beach, and all acts hereinafter complained of herein were performed within the course and scope of their duties as peace officers for Defendant City of Long Beach.

12.     Defendant City of Long Beach is a California municipal corporation in the County of Los Angeles, and operating under the laws of the State of California.

13.     CITY OF LONG BEACH, a California municipal corporation in the County of Los Angeles, LONG BEACH POLICE DEPARTMENT INCLUDING ALL INVOLVED SERGEANT/OFFICER OF ARMS DOES 1-50; ALL INVOLVED LONG BEACH POLICE DEPARTMENT OFFICERS DOES 1-100; CITY OF LONG BEACH, a California municipal corporation in the County of Los Angeles; INCLUDING ALL INVOLVED LONG BEACH POLICE DEPARTMENT EMPLOYEES 100; AND DOES 1-100 Inclusive, and for that reason sues those Defendants by such fictitious names. Plaintiffs are informed and believe and based upon such information alleges that each of the

**FIRST AMENDED COMPLAINT**

individually named defendant officers and the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiffs will seek leave to amend this Complaint to allege the true identities of these fictitiously named Defendants when they are ascertained.

**14.**     Plaintiffs are informed and believe and based upon such information alleges that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual apparent authority, or the alleged acts and omissions of each Defendant as principal. All individual Defendants acted or failed to act in the face of an obligation to do otherwise, and did so maliciously and with reckless and callous disregard for Plaintiffs' rights and are liable for punitive damages. If Defendants are not restrained from continuing their unconstitutional and unlawful actions, Plaintiffs are threatened with irreparable injury in that they may be subjected to the same unconstitutional and unlawful treatment in the future. Accordingly, the issuance of injunctive relief is appropriate.

**15.**     Defendants are not entitled to qualified immunity for their conduct as set forth in this Complaint.

**IV.**

**CALIFORNIA GOVERNMENT CLAIM ACT**

**16.**     Plaintiffs complied or substantially complied with Cal. Gov't Claim Act (Cal. Gov't Code§ 900, *et seq.*) requirements by submitting to Defendant City of Long Beach, on October 15, 2015, a written claim on The City of Long Beach's official claim form (CLAIM). The CLAIM includes a file stamp showing the date it was received by The City of Long Beach. A true and correct copy of the CLAIM is included with this Complaint as **Exhibit "A".**

**FIRST AMENDED COMPLAINT**

**17.**     On January 20, 2016, LAUSD sent a letter denying Plaintiffs' CLAIM (CLAIM DENIAL). The CLAIM was assigned numbers C15-0555; C15-0556; C15-0557; C15-0558; C15-0559; C15-0560 by The City of Long Beach. A true correct copy of the CLAIM DENIAL is included with this Complaint as **Exhibit "B"**.

**V.**

**STATEMENT OF FACTS**

**18.**     On April 19, 2015 between the hours of 1:45 a.m. and 2:00 a.m.,  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas were leaving the 200 Block of Pine Avenue in Long Beach, CA. As they were leaving another antagonizing group started harassing the Plaintiffs. One member of the antagonizing group started to challenge and provoke Plaintiff Gerardo Lopez Jr. in a fight when Plaintiff Thomas Ramirez separated Gerardo Lopez Jr. and mediated and prevented a confrontation from escalating. As both groups were leaving, Officers with the Long Beach Police Department arrived and reignited the incident by unlawfully assaulting the Plaintiffs. Gerardo Lopez Jr. was struck in the back of the head by an unknown officer and he was pushed onto a car while being choked with what appeared to be a baton. As the other Plaintiffs are pleading to the officers to stop choking Gerardo Lopez Jr., another officer strikes Plaintiff Ashleigh Sola in the forehead, legs, and knee. Then Ashleigh Sola was placed in handcuffs while she was asking the officers why was she being arrested. While Ashleigh Sola was in handcuffs, an officer was choking Ashleigh Sola. Ashleigh Sola had trouble breathing as she has a history of asthma. As she was struggling to breathe, the officer who had detained Ashleigh Sola slammed her onto the floor. Plaintiff Thomas Ramirez then tried to explain to the Officer that Ashleigh Sola has asthma and she is having trouble breathing. Another officer then tackled and beat Thomas Ramirez with the baton. Thomas Ramirez sustained injuries to his shoulders and an injury to his right cheek under his eye. Then, Sophia Lopez was struck in her leg area alongside of Plaintiff, Isabella

**FIRST AMENDED COMPLAINT**

Barcenas. Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Isabella Barcenas, and Sophia Lopez were then taken to the Long Beach Memorial Hospital where they were apprehended by the Long Beach Police Department. Plaintiffs Ashleigh Sola, Thomas Ramirez, and Gerardo Lopez Jr. were arrested and posted bail moments later. Plaintiffs Sophia Lopez and Isabella Barcenas were detained for a few moments then they were released with no charges.

19.     On April 19, 2015 at approximately 2:18 a.m., Plaintiff Kelvin Grant witnessed the incident that occurred between the other Plaintiffs and the Long Beach Police Officers. Kelvin Grant then began to record the aftermath of the incident. As he was headed home, the streets were blocked by the Long Beach Police Department due to the incident that had occurred between the other Plaintiffs and the Long Beach Police Officers. Kelvin Grant is originally from the State of Georgia and is not too familiar with the Long Beach, CA area. He knows one route to get home and that route was blocked off by the Long Beach Police Officers. As Kelvin Grant was waiting for the block to clear so he can proceed on his way home; officers with the Long Beach Police Department unlawfully detained and arrested Kelvin Grant. Kelvin Grant was never read his Miranda Rights.

20.     The Long Beach Police Department encouraged, assisted, ratified and/or with deliberate indifference, failed to prevent all of the acts and omissions and constitutional injuries complained of herein, and enforced the official policy, practice, and custom of the officers/agents of said **"excessive use of force, assault and battery, civil rights violation, and intentional infliction of emotional distress."**

21.     Plaintiffs are informed and believe upon such information and belief alleged that each of the Defendants and Does, who were the agents, officers, servants, and/or employees of Defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT agencies or municipalities are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said officers/agents or others proximately caused said injuries and damages by reason of

8

**FIRST AMENDED COMPLAINT**

their negligence, breach of duty, negligent supervision, management or control, battery violation, misconduct, violated constitutional rights and color law statute with inadequate trainings, malicious contempt for "Plaintiffs" and other tortuous and unlawful actions.

**22.**    Violation of policy, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon any other act or omission. Plaintiffs Ashleigh, Thomas, Gerardo, Sophia, and Isabella's injuries and damages were proximately caused by the acts and/or omissions of said factiously unnamed officers/agents or others of the Long Beach Police Department. Clearly, the force used was malicious and willfully "unreasonable".

**23.**    Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Bacenas were heading towards a taxi in order to go home after a "would-be" incident was diffused. They were unarmed, their behavior demonstrated as such, there was no resistance, and their behavior did not render the need for them to be attacked with excessive force. Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas had not threatened any Long Beach Police officers/agents or others, did not pose a threat of death or serious physical injury to any officers/agents, or any other person nearby, and did not commit any offense in the officers/agents presence.

**24.**    Plaintiff Kelvin Grant was proceeding on his way home at the time of the events described in paragraph 18 above. Kelvin Grant was compliant with the police officers, and yet was arrested without a just cause. Plaintiff Kelvin Grant suffered mental anguish at the hands of the Long Beach Police officers/agents.

**VI.**

**FIRST CAUSE OF ACTION**

**USE OF EXCESSIVE FORCE**

**42 U.S.C 1983**

9

**FIRST AMENDED COMPLAINT**

**[AGAINST ALL DEFENDANTS]**

**25.**     Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, repeat and re-allege each and every allegation above as though fully set forth herein.

**26.**     Accordingly, Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, claim damages for the violation of these rights under 42 U.S.C. § 1983.

**27.**     As it is detailed herein, the Long Beach Police officers/agents and Does acting under the color of law, used excessive force towards  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas.

**28.**     Defendants violated Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas' rights, *inter alia,* by subjecting them to excessive and unreasonable force by assaulting  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas in a manner that left them injured.

**29.**     By the actions and omissions described above, said Defendant and Does, who were the agents, officers, servants, and/or employees of Defendants CITY OF LONG BEACH and LONG BEACH POLICE DEPARTMENT agencies or municipalities and their irrespective law enforcement agencies, violated 42 U.S.C § 1983.

**30.**     Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas suffered physical injury, pain, and suffering directly from the use of excessive force under the circumstances. Such excessive force was objectively unreasonable under the circumstances. The Long Beach Police officers/agents and does had no probable cause to believe Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas posed a significant threat of death or physical harm to Defendants' agents/officers or others.  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas were unarmed at the

**FIRST AMENDED COMPLAINT**

1
2
moment; hence  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas.

3
## VII.

4
### SECOND CAUSE OF ACTION

5
### ASSAULT AND BATTERY

6
### [AGAINST ALL DEFENDANTS]

7
8
9
**31.**     Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, repeat and re-allege each and every allegation above as though fully set forth herein.

10
11
12
13
14
**32.**     Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, assert a claim of assault and battery against these Defendants based upon their unlawful touching of  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, which was in-part the direct and legal cause of the damage to  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas.

15
16
17
18
19
20
**33.**     As a direct and legal result of the acts and omissions of these Defendants, and each of them, Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, have suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, emotional distress, medical expenses, attorneys' fees, costs of suit, other pecuniary losses no yet ascertained.

21
22
23
24
25
26
27
**34.**     Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, are informed and believe and thereon allege that the aforementioned acts of these Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare, and safety of  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas. Accordingly, an award of punitive and exemplary damages is justified.

28

**FIRST AMENDED COMPLAINT**

## IX.

### THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### [AGAINST ALL DEFENDANTS]

**35.**     Plaintiffs repeat and re-allege each and every allegation above as though fully set forth herein.

**36.**     Defendants' actions or omissions in these circumstances constituted extreme and outrageous conduct. As a direct and legal result of Defendants' acts and omissions, and each of them, as alleged herein, Plaintiff suffered severe emotional shock to his mental state and nervous system.

**37.**     As a further direct and legal result of Defendants' acts and omissions, and each of them, plaintiffs have suffered damages, including, without limitation, pain and suffering, emotional distress, medical expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained.

**38.**     Plaintiffs are informed and believes and thereon alleges that Defendants' acts, and each of them, were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard or Plaintiffs' rights, welfare and safety. Accordingly, an award of punitive and exemplary damages is justified.

## X.

### FOURTH CAUSE OF ACTION

### BANE ACT VIOLATIONS (CALIFORNIA CIVIL CODE 52.1(b)

### [AGAINST ALL DEFENDANTS]

**39.**     Plaintiffs repeat and re-allege each and every allegation above as though fully set forth herein.

**40.**     As a result of the aforementioned defendants' actions, the plaintiffs, and each of them, who were in the exercise or enjoyment of rights secured by the Constitution or laws of the United States,

**FIRST AMENDED COMPLAINT**

or of rights secured by the Constitution or laws of this state, had said rights interfered with by defendants, and each of them, by defendants' threats, intimidation, coercion and physical force against plaintiffs.

41.     As a direct and legal result of the acts and omissions of these Defendants, and each of them, Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, have suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, emotional distress, medical expenses, attorneys' fees, costs of suit, other pecuniary losses no yet ascertained.

## XI.

## DAMAGES

42.     As a proximate result of the aforesaid conduct of the Defendants and each of them,   Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas, have been physically assaulted and said Plaintiffs have been damaged as follows, and should recover monies for these losses according to proof:

   a.     For the physical assault of  Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas;

   b.     For the mental anguish suffered by all Plaintiffs including Plaintiff Kelvin Grant;

   c.     For all physical pain and suffering from physical injuries suffered by Plaintiffs Ashleigh Sola, Thomas Ramirez, Gerardo Lopez Jr., Sophia Lopez, and Isabella Barcenas;

   d.     For all damages recoverable under 42 U.S.C § 1983 and 1988, and otherwise allowed under California and United States Law.

43.     Moreover, the actions or omissions of each individual Defendant, as detailed above in paragraphs 1-38, were intentional, wanton and/or willful, reckless, malicious, deliberately

**FIRST AMENDED COMPLAINT**

indifferent to Plaintiffs' rights, done with actual malice, gross negligence and were objectively unreasonable, so as to justify an imposition of punitive damages against said Defendants where allowable by law under each of the foregoing causes of action pled against them.

## XII.

## CONCLUSION AND PRAYER

**WHEREFORE,** Plaintiffs, on each and every cause of action above, demand the following relief, jointly and severally, against all the Defendants as follows:

a.  Compensatory damages for the pain and suffering of Plaintiffs including, but not limited to, the value of loss of love and affection in an amount according to proof;

b.  For Punitive and exemplary damages against the individual defendants for each cause of action according to proof;

c.  Prejudgment and post-judgment interest as allowable by law;

d.  For statutory attorneys' fees and costs pursuant to 42 U.S. § 1988, California Civil Code § 51, Pursuant to § 52.1(b), California Civil Code § 52.1(h) and/or California Code of Civil Procedure § 1021.5;

e.  For such other and further relief as the Court deems just and proper;

f.  For all medical expenses;

g.  For general damages;

h.  The award of any and all other damages allowed by law according to proof to be determined at time of trial in this matter.

DATED: _____2018          LAW OFFICES OF KATHERINE R. COHAN, ESQ.

2/27/2018

BY _____

KATHERINE R. COHAN, ESQ.
Attorney for Plaintiffs:
ASHLEIGH SOLA, THOMAS RAMIREZ,
GERARDO LOPEZ JR., SOPHIA LOPEZ,
ISABELLA BARCENAS, KELVIN GRANT

14

**FIRST AMENDED COMPLAINT**